B1 (Official Form 1)(12/11)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Coleman, Glenda R.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Glenda Martin; AKA Glenda Coleman-Martin** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-2594** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |

| Street Address of Debtor (No. and Street, City, and State):<br>**5140 S. Hyde Park Blvd, Apt 5B**<br>**Chicago, IL**<br><br>ZIP Code **60615** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP Code |
|---|---|
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization) (Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br><br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity | Nature of Debts<br>(Check one box) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | (Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☐ Full Filing Fee attached<br><br>■ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(12/11)                                                                                                                    Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Coleman, Glenda R.** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: **Chicago** | Case Number: | Date Filed: **2/01/02** |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** __/s/ S. M. de Rath, Esq.__     **March 25, 2013** <br> Signature of Attorney for Debtor(s)    (Date) <br> **S. M. de Rath, Esq. 6206809** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
#### (Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
#### (Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11)

## Voluntary Petition

*(This page must be completed and filed in every case)*

**Name of Debtor(s):**

**Coleman, Glenda R.**

### Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Glenda R. Coleman**
_____
Signature of Debtor  **Glenda R. Coleman**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**March 25, 2013**
_____
Date

### Signature of Attorney*

X **/s/ S. M. de Rath, Esq.**
_____
Signature of Attorney for Debtor(s)

 **S. M. de Rath, Esq. 6206809**
_____
Printed Name of Attorney for Debtor(s)

 **Attorney S.M.de Rath, Esq.**
_____
Firm Name

 **233 S. Wacker Dr, 84th FL**
 **Chicago, IL 60606**

_____
Address

 **312-283-8606**
_____
Telephone Number

 **March 25, 2013**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B1 (Official Form 1)(12/11)                                                                                          Page 3

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Coleman, Glenda R.** |

Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Glenda R. Coleman
Signature of Debtor   **Glenda R. Coleman**

**X**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**March 18, 2013**
Date

### Signature of Attorney*

**X** /s/ S. M. de Rath, Esq.
Signature of Attorney for Debtor(s)

**S. M. de Rath, Esq. 6206809**
Printed Name of Attorney for Debtor(s)

**Attorney S.M.de Rath, Esq.**
Firm Name

**233 S. Wacker Dr, 84th FL**
**Chicago, IL 60606**

Address

**312-283-8606**
Telephone Number

**March 18, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

**X**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re   **Glenda R. Coleman** _____   Case No. _____
                                    Debtor(s)              Chapter   **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                    Page 2

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

    ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Glenda R. Coleman**

                        **Glenda R. Coleman**

Date:    **March 25, 2013**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                            Page 2

      ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

      ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

      ☐ Active military duty in a military combat zone.

    ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   /s/ Glenda R. Coleman
                           Glenda R. Coleman

Date:    **March 18, 2013**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## Northern District of Illinois

In re   **Glenda R. Coleman** _____,   Case No. _____

Debtor

Chapter_____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 4 | 13,150.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 8,581.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 2,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | 25,761.56 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 1 | | | 2,926.99 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 2,552.00 |
| Total Number of Sheets of ALL Schedules | | 22 | | | |
| Total Assets | | | 13,150.00 | | |
| Total Liabilities | | | | 36,342.56 | |

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Glenda R. Coleman**                               ,    Case No. _____

                                       Debtor         Chapter _____ **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 2,000.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 2,000.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 2,926.99 |
| Average Expenses (from Schedule J, Line 18) | 2,552.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 4,292.62 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 5,581.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 2,000.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 25,761.56 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 31,342.56 |

B6A (Official Form 6A) (12/07)

.

In re    **Glenda R. Coleman**                                          ,        Case No. _____
                                          Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Never owned property** | | - | 0.00 | 0.00 |

| | | | | |
|---|---|---|---|---|
| | | Sub-Total > | 0.00 | (Total of this page) |
| | | Total > | 0.00 | |

**0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re    **Glenda R. Coleman**                                           ,    Case No. _____

                                                     **Debtor**

# SCHEDULE B - PERSONAL PROPERTY

    Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

    **Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.   Cash on hand | | **Debtor's cash on hand in cookie jar, for emergencies, etc, located at debtor's residence, current estimated FMV not over $100 at a time.** | - | 100.00 |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Debtor's checking account: Direct Deposit of pay from work, after rent, utilities, expenses paid, not over $600 end of month statement current estimated average balance:** | - | 500.00 |
| | | **Checking Account: Location: Bank of America 10 S Canal Chicago IL** | W | 500.00 |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | | **security deposit with landlord:** | - | 600.00 |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | | **Furniture: 1 living room 2 bedroom set 1 kitchen set Location: 5140 S. Hyde Park Blvd #5B  Chicago, IL 60615** | J | 2,500.00 |
| | | **Appliances: none,  own by building** | J | 0.00 |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.   Wearing apparel. | | **Clothes: clothes for myself, and kids Location: 5140 S. Hyde Park Blvd #5B  Chicago, IL 60615** | J | 2,000.00 |
| 7.   Furs and jewelry. | | **Debtor's costume jewery, including but not limited to watches, rings, earrings, bracelets, necklaces, etc. located at debtor's residence, total estimated FMV approximately under $500** | - | 500.00 |

|  | Sub-Total > | 6,700.00 |
|---|---|---|
|  | (Total of this page) | |

   **3**    continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Glenda R. Coleman**                                                          ,    Case No. _____
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 8.  Firearms and sports, photographic, and other hobby equipment. | | **Debtor misc hobby & sports equipment, including but not limited to toys, cameras, bikes, balls, rackets, etc. located at debtor's residence, total estimated FMV approximately under $250.** | **-** | **250.00** |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **IRA from work** | **-** | **Unknown** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

Sub-Total >            **250.00**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re __**Glenda R. Coleman**_____,        Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Tax Refund Est: Federal Income Tax** | W | 3,000.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | **Debtor's misc computer, location at debtor's reside, estimated FMV approximately 200** | - | 200.00 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **Debtor vehicle: 1984 Mitsubishi Montero** | - | 3,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

Sub-Total >        6,200.00
(Total of this page)

Sheet __**2**__ of __**3**__ continuation sheets attached
to the Schedule of Personal Property

**B6B (Official Form 6B) (12/07) - Cont.**

In re  **Glenda R. Coleman**                                        ,        Case No. _____
                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >          0.00
(Total of this page)

Total >        13,150.00

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

.

In re  **Glenda R. Coleman**                                                    ,        Case No. _____
                                          Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:           ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                           $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                    *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Debtor's cash on hand in cookie jar, for emergencies, etc, located at debtor's residence, current estimated FMV not over $100 at a time. | 735 ILCS 5/12-1001(b) | 100.00 | 100.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Debtor's checking account: Direct Deposit of pay from work, after rent, utilities, expenses paid, not over $600 end of month statement current estimated average balance: | 735 ILCS 5/12-1001(b) | 500.00 | 500.00 |
| **Household Goods and Furnishings** | | | |
| Furniture: 1 living room | 735 ILCS 5/12-1001(b) | 2,000.00 | 2,500.00 |
| 2 bedroom set | | | |
| 1 kitchen set | | | |
| Location: 5140 S. Hyde Park Blvd #5B  Chicago, IL 60615 | | | |
| **Furs and Jewelry** | | | |
| Debtor's costume jewery, including but not limited to watches, rings, earrings, bracelets, necklaces, etc. located at debtor's residence, total estimated FMV approximately under $500 | 735 ILCS 5/12-1001(b) | 500.00 | 500.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Debtor misc hobby & sports equipment, including but not limited to toys, cameras, bikes, balls, rackets, etc. located at debtor's residence, total estimated FMV approximately under $250. | 735 ILCS 5/12-1001(b) | 250.00 | 250.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| IRA from work | 735 ILCS 5/12-704 | 0.00 | Unknown |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| Tax Refund Est: Federal Income Tax | 735 ILCS 5/12-1001(b) | 650.00 | 3,000.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| Debtor vehicle: 1984 Mitsubishi Montero | 735 ILCS 5/12-1001(c) | 0.00 | 3,000.00 |

|  | Total: | 4,000.00 | 9,850.00 |
|---|---|---|---|

__0__ continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re    **Glenda R. Coleman**                                                    ,    Case No. _____
                                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **30000143676151000** | | | **Opened  2/01/07  Last Active  1/11/13** | | | | | |
| **Santander Consumer Usa**<br>**Po Box 961245**<br>**Ft Worth, TX 76161** | | - | **Automobile**<br><br>**Debtor vehicle: 1984 Mitsubishi Montero** | | | | | |
| | | | Value $                          **3,000.00** | | | | **8,581.00** | **5,581.00** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

_**0**___ continuation sheets attached

|  |  |  |
|---|---|---|
| Subtotal<br>(Total of this page) | **8,581.00** | **5,581.00** |
| Total<br>(Report on Summary of Schedules) | **8,581.00** | **5,581.00** |

B6E (Official Form 6E) (4/10)

.

In re    **Glenda R. Coleman**                                                                                    ,    Case No. _____

_____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* _Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

_____1_____    continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re    **Glenda R. Coleman**                                          ,          Case No. _____
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | 12/1/2010 | | | | | | |
| **Dept of Treasury** **12556STOP 6692 AUSC** **austin, TX 73301-0021** | | W | **Income Tax owe $2000.00 for2010** | | | | **2,000.00** | **0.00** | **2,000.00** |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | **2,000.00** | **0.00** **2,000.00** |
| Total (Report on Summary of Schedules) | **2,000.00** | **0.00** **2,000.00** |

B6F (Official Form 6F) (12/07)

In re    **Glenda R. Coleman** _____ ,    Case No. _____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No.<br><br>**247 Greenstreet Loans**<br>**not sure**<br>**Chicago, IL 60615** | | | W | | **Other Debt pay day loan** | | | | **900.00** |
| Account No.<br><br>**247 Greenstreet Loans**<br>**not sure**<br>**Chicago, IL 60615** | | | W | | **Other Debt pay day loan** | | | | **900.00** |
| Account No.  F01116253<br><br>**Aaron Sales & Lease Ow**<br>**1015 Cobb Place Blvd Nw**<br>**Kennesaw, GA 30144** | - | | | | **Opened  3/01/04  Last Active  9/06/05**<br>**Lease** | | | | **0.00** |
| Account No.  8062137000475395<br><br>**American General Finan**<br>**Springleaf Financial/Attn: Bankruptcy De**<br>**Po Box 3251**<br>**Evansville, IN 47731** | - | | | | **Opened  8/01/06  Last Active  5/02/08**<br>**Household Goods Secured** | | | | **554.00** |
| **__7__** continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | | **2,354.00** |

B6F (Official Form 6F) (12/07) - Cont.

In re   **Glenda R. Coleman**                                    ,        Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **4106370015141692**<br><br>**Aspire/cb&t**<br>**Attn: Cardholder  Services**<br>**P.O. Box 105555**<br>**Atlanta, GA 30348** | - | | Opened  1/01/05  Last Active  9/11/06<br>Credit Card | | | | 0.00 |
| Account No. **5178052536589878**<br><br>**Capital 1 Bank**<br>**Attn: Bankruptcy Dept.**<br>**Po Box 30285**<br>**Salt Lake City, UT 84130** | - | | Opened  3/01/05  Last Active  5/10/06<br>Credit Card | | | | 0.00 |
| Account No.<br><br>**Cash Usa**<br>**not sure**<br>**chicago, IL 60615** | | W | Other Debt pay day loan | | | | 1,500.00 |
| Account No. **25374292**<br><br>**Cashcall Inc**<br>**Attention:  Bankruptcy Department**<br>**1600 S Douglass Rd**<br>**Anaheim, CA 92806** | - | | Opened 12/01/12  Last Active  3/01/13<br>Unsecured | | | | 1,474.00 |
| Account No.<br><br>**Castle pay day loan**<br>**not sure**<br>**chicago, IL 60605** | | W | Other Debt pay day loan | | | | 1,500.00 |

Sheet no. __1__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**4,474.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Glenda R. Coleman**                                              ,   Case No. _____
_____
Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **2287946401** <br><br> **Citi Auto/Santander Consumer USA** <br> **Attn: Bankruptcy** <br> **Po Box 961245** <br> **Ft. Worth, TX 76161** | - | | **Opened 4/01/04 Last Active 3/02/07** <br> **Automobile** | | | | **0.00** |
| Account No. <br><br> **City of Chicago** <br> **Department of Revenue** <br> **POBox 88292** <br> **Chicago, IL 60680-1292** | - | | **parking tickets** | | | | **1,500.00** |
| Account No. **7999433061** <br><br> **Com ED** <br> **PO Box 87522** <br> **Chicago, IL 60680** | | W | **12/15/2012** <br> **Utility Bill past due gas bill** | | | | **300.00** |
| Account No. <br><br> **Equifax Credit Information Services** <br> **POBox 740241** <br> **Atlanta, GA 30374-0241** | - | | **for notice information purposes only** | | | | **0.00** |
| Account No. <br><br> **Experian** <br> **POBox 2002** <br> **Allen, TX 75013** | - | | **for notice information purposes only** | | | | **0.00** |

Sheet no. __**2**__ of __**7**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,800.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Glenda R. Coleman**                                              ,                    Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **R7835**<br><br>**Fidelity Info Corp**<br>**Po Box 100**<br>**Pacific Palisades, CA 90272** | - | | **Opened  1/01/07**<br>**Collection Attorney Managed By  Draper And Kramer** | | | | 0.00 |
| Account No. **5178007629179672**<br><br>**First Premier Bank**<br>**601 S Minnesota Ave**<br>**Sioux Falls, SD 57104** | - | | **Opened  1/01/07  Last Active  5/20/07**<br>**Credit Card** | | | | 472.00 |
| Account No. **5178007326827417**<br><br>**First Premier Bank**<br>**601 S Minnesota Ave**<br>**Sioux Falls, SD 57104** | - | | **Opened  8/13/04  Last Active  5/09/06**<br>**Credit Card** | | | | 0.00 |
| Account No.<br><br>**Galaxy Loan**<br>**nt sure**<br>**chicago, IL 60605** | | W | **Other Debt pay day loan** | | | | 390.00 |
| Account No. **5268350003039471**<br><br>**Hsbc Bank**<br>**Po Box 5253**<br>**Carol Stream, IL 60197** | - | | **Opened  6/06/07  Last Active  8/18/07**<br>**Credit Card** | | | | 611.00 |

Sheet no. __3__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal                          | 1,473.00 |
(Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re    **Glenda R. Coleman**                                                  ,    Case No. _____
                                             Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **5155970003034291** <br><br> **Hsbc Bank** <br> **Po Box 5253** <br> **Carol Stream, IL 60197** | - | | **Opened 12/21/05  Last Active  4/02/07** <br> **Credit Card** | | | | 0.00 |
| Account No. **4663060001930944** <br><br> **Hsbc Bank** <br> **Po Box 5253** <br> **Carol Stream, IL 60197** | - | | **Opened  3/24/07  Last Active  8/22/07** <br> **Credit Card** | | | | 0.00 |
| Account No. <br><br> **Hydra Fund** <br> **not sure** <br> **chicago, IL 60605** | | W | **Other Debt pay day loan** | | | | 650.00 |
| Account No. <br><br> **Iggy Loan** <br> **not sure** <br> **chicago, IL 60615** | | W | **Other Debt pay day loan** | | | | 600.00 |
| Account No. **13672378** <br><br> **Illinois Collection Se** <br> **Po Box 1010** <br> **Tinley Park, IL 60477** | - | | **Opened  2/01/12** <br> **Collection Attorney U Of I E/R** | | | | 154.00 |

Sheet no. __4__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

1,404.00

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Glenda R. Coleman** _____ ,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. 8548780727 <br><br> **Midland Funding** <br> **8875 Aero Dr Ste 200** <br> **San Diego, CA 92123** | - | | | **Opened  4/01/12** <br> **Factoring Company Account T-Mobile** | | | | 827.00 |
| Account No. 25212733 <br><br> **Nco Fin/09** <br> **Attention: Bankruptcy** <br> **507 Prudential Rd** <br> **Horsham, PA 19044** | - | | | **11 Directv** | | | | 340.00 |
| Account No. <br><br> **Progressive financial** <br> **not sure** <br> **chicago, IL 60615** | | W | | **Other Debt furniture loan** | | | | 1,200.00 |
| Account No. 4367615 <br><br> **Santander** <br> **PO Box 660633** <br> **Dallas, TX 75266** | | W | | **Other Debt car loan** | | | | 9,000.00 |
| Account No. 3911425 <br><br> **Stellar Recovery Inc** <br> **4500 Salisbury Rd Ste 10** <br> **Jacksonville, FL 32216** | - | | | **Opened  4/01/11** <br> **Collection Attorney Comcast** | | | | 1,278.00 |

| | |
|---|---|
| Sheet no. **5** of **7** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page)  **12,645.00** |

B6F (Official Form 6F) (12/07) - Cont.

In re  **Glenda R. Coleman**                                                                 ,          Case No. _____
                                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 9940011000030974<br><br>Td Rcs/peachdirect<br>1000 Macarthur Blvd<br>Mahwah, NJ 07430 | - | | Opened 1/25/05 Last Active 5/21/07<br>Charge Account | | | | 0.00 |
| Account No.<br><br>TransUnion<br>POBox 1000<br>Chester, PA 19022 | - | | for notice information purposes only | | | | 0.00 |
| Account No. 1070960301<br><br>Trust Rec Sv<br>541 Otis Bowen Dri<br>Munster, IN 46321 | - | | Medical | | | | 55.00 |
| Account No. C000038923-071989669<br><br>University of IL<br>1175 Devin Dr<br>Norton Shores, MI 49441 | | W | Medical Emergency room care | | | | 171.00 |
| Account No. 071989669<br><br>University of IL Medical Center<br>1175 Devin Dr<br>Morton Shores, MI 49441 | | W | Medical emergency room care | | | | 300.22 |

Sheet no. __6__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

526.22

B6F (Official Form 6F) (12/07) - Cont.

In re   **Glenda R. Coleman**                                             ,        Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **13672378**<br><br>**University of IL/ICS Collections**<br>**PO Box1010**<br>**Tinley Pk, IL 60477** | | W | Medical Emergency room care | | | | 154.00 |
| Account No.<br><br>**VIP Loan**<br>**not sure**<br>**chiago, IL 60605** | | W | Other Debt pay day loan | | | | 500.00 |
| Account No. **68208297**<br><br>**West Suburban Hospital**<br>**PO Box3495**<br>**Toledo, PA 43607** | | W | Medical Emergency Room care | | | | 431.34 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __7__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | 1,085.34 |
| Total (Report on Summary of Schedules) | 25,761.56 |

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                                                    Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re    **Glenda R. Coleman**
_____,    Case No. _____
Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Aimco**<br>**5140 S. Hyde Park Tower**<br>**Chicago, IL 60615**<br><br>**Landlord** | **Lesee on   signed 12/15/2012 expires 12/13/2013 1 year lease with a discount because I work for the company that owne the building**<br><br>**residential lease** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re    **Glenda R. Coleman**                                              ,    Case No. _____
                              Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

**B6I (Official Form 6I) (12/07)**

In re   **Glenda R. Coleman**                                                    Case No. _____
_____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Separated** | RELATIONSHIP(S):<br>**daughter**<br>**daughter** | AGE(S):<br>**16**<br>**7** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Community Manager** | |
| Name of Employer | **Aimco** | |
| How long employed | **2 Years, 7 Months** | |
| Address of Employer | **1801 S Meyers Rd**<br>**Oakbrook, IL 60181** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

|  | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 4,292.62 | $ | 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 4,292.62 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a. Payroll taxes and social security | $ | 1,030.49 | $ | 0.00 |
|     b. Insurance | $ | 335.14 | $ | 0.00 |
|     c. Union dues | $ | 0.00 | $ | 0.00 |
|     d. Other (Specify): _____ | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 1,365.63 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 2,926.99 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance<br>(Specify): _____ | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income<br>(Specify): _____ | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 2,926.99 | $ | 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 2,926.99 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re   **Glenda R. Coleman**_____    Case No. _____
                                            Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 600.00 |
| a. Are real estate taxes included?                         Yes ___        No **X** | | |
| b. Is property insurance included?                        Yes ___        No **X** | | |
| 2. Utilities:       a. Electricity and heating fuel | $ | 100.00 |
| b. Water and sewer | $ | 20.00 |
| c. Telephone | $ | 150.00 |
| d. Other   **See Detailed Expense Attachment** | $ | 200.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 50.00 |
| 4. Food | $ | 450.00 |
| 5. Clothing | $ | 200.00 |
| 6. Laundry and dry cleaning | $ | 60.00 |
| 7. Medical and dental expenses | $ | 50.00 |
| 8. Transportation (not including car payments) | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 97.00 |
| e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other _____ | $ | 0.00 |
| c. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other   **See Detailed Expense Attachment** | $ | 225.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 2,552.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| 20. STATEMENT OF MONTHLY NET INCOME | | |
|---|---|---:|
| a.    Average monthly income from Line 15 of Schedule I | $ | 2,926.99 |
| b.    Average monthly expenses from Line 18 above | $ | 2,552.00 |
| c.    Monthly net income (a. minus b.) | $ | 374.99 |

**B6J (Official Form 6J) (12/07)**

In re    **Glenda R. Coleman**                                                    Case No. _____
_____
Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| cable | $ | 55.00 |
| internet | $ | 45.00 |
| cell | $ | 100.00 |
| **Total Other Utility Expenditures** | $ | **200.00** |

**Other Expenditures:**

| | | |
|---|---|---|
| periodicals, newspapers, books, magazines | $ | 35.00 |
| personal grooming for family | $ | 145.00 |
| car expenses | $ | 45.00 |
| **Total Other Expenditures** | $ | **225.00** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

## United States Bankruptcy Court
### Northern District of Illinois

In re   **Glenda R. Coleman**                                          Case No.
                                            Debtor(s)            Chapter   **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **24**  sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **March 25, 2013**                    Signature   **/s/ Glenda R. Coleman**

                                                   **Glenda R. Coleman**
                                                   Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re     Glenda R. Coleman _____     Case No. _____
                                    Debtor(s)                Chapter   13  7

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __23__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **March 18, 2013** _____     Signature   **/s/ Glenda R. Coleman** _____
                                                          **Glenda R. Coleman**
                                                          Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B7 (Official Form 7) (12/12)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Glenda R. Coleman**
_____          Case No.
                          Debtor(s)                         Chapter    **7**
_____

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$0.00** | **2012: Income reported from IRS** |
| **$8,100.00** | **2013 Wife Aimco** |
| **$52,000.00** | **2012 Wife Aimco** |
| **$52,000.00** | **2011 Wife Aimco** |

---

### 2. Income other than from employment or operation of business

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

B 7 (12/12)                                                                                                              2

---

### 3. Payments to creditors

None
■   *Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■   b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■   c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☐   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **vs Debtor (See schedule F for details)** | **Breach of Contracts - failure to pay for goods and services rendered** | **Daley Center, Circuit Court of Cook County, Illinois** | **Judgments** |

None
■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 7 (12/12)                                                                                                                                   3

---

**5. Repossessions, foreclosures and returns**

None  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
■     returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12
      or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
      spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
■     this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a
      joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
■     preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
      property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
      filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
■     and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions
      aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by
      either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8. Losses**

None  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or**
■     **since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both
      spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

B 7 (12/12)                                                                    4

---

### 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYOR IF OTHER<br>THAN DEBTOR | AMOUNT OF MONEY<br>OR DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|
| **Bankruptcy Court Northern Dist. IL<br>219 S Dearborn Street<br>7th Floor<br>Chicago, IL 60604** | **Debtor timely pays directly the Bankruptcy Court Filing fee in money order(s) pursuant to Court Rules and/or Order.** | **$306 Court Filing Fee debtor pays with a separate money order for $306 made out to "US Bankruptcy Court" (which is separate and not included in the $595 Law Firm Attorneys fees)** |
| **Credit Counseling provider** | **debtor pays directly to the Credit Counseling Course provider they choose** | **$25-60 Credit Counseling Course - debtor chooses his/her provider, each provider charges different amounts for their services.** |
| **Law Firm Attorney Fees** | | **$595 Law Firm Attorneys fees for Chapter 7 Bankruptcy pursuant to contract.** |
| **Financial Management Course provider** | **debtor pays directly to Debtor Education/Financial Management provider they choose** | **$15-60 Financial Management Debtor Education Course provider, debtor chooses his/her provider, each provider charges different amounts for their services.** |

---

### 10. Other transfers

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER<br>DEVICE | DATE(S) OF<br>TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND<br>VALUE OF PROPERTY OR DEBTOR'S INTEREST<br>IN PROPERTY |
|---|---|---|

---

### 11. Closed financial accounts

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR<br>DIGITS OF ACCOUNT NUMBER,<br>AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE<br>OR CLOSING |
|---|---|---|

---

B 7 (12/12)                                                                              5

---

**12.  Safe deposit boxes**

None  ■   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year**
immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or
depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.  Setoffs**

None  ■   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.  Property held for another person**

None  ■   List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.  Prior address of debtor**

None  ■   If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor
occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate
address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

**16.  Spouses and Former Spouses**

None  ☐   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho,
Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the
commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in
the community property state.

NAME
**Mr. Martin**

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous
or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to,
statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly
owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material,
pollutant, or contaminant or similar term under an Environmental Law

None  ■   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable
or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known,
the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None ■    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ■    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None ■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

B 7 (12/12)

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|

None
■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|

None
■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

---

### 20. Inventories

None
■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|

None
■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|-------------------------------------------------------|

---

### 21 . Current Partners, Officers, Directors and Shareholders

None
■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

None
■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|-------------------------------------------|

---

### 22 . Former partners, officers, directors and shareholders

None
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None
■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None
■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------------------------------------------------------|--------------------------------|-------------------------------------------------------|

B 7 (12/12)                                                                                                           8

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                               TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **March 25, 2013**                              Signature   **/s/ Glenda R. Coleman**
                                                                   **Glenda R. Coleman**
                                                                   Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 7 (12/12)                                                                                      8

---

**24. Tax Consolidation Group.**

None
■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                              TAXPAYER IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None
■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **March 18, 2013**                    Signature    /s/ Glenda R. Coleman
                                                         **Glenda R. Coleman**
                                                         Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re  __Glenda R. Coleman__ _____   Case No. _____

_____    Chapter   __7__

Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Santander Consumer Usa** | **Describe Property Securing Debt:**<br>**Debtor vehicle: 1984 Mitsubishi Montero** |

Property will be (check one):
☐ Surrendered      ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
■ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt            ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES        ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  __March 25, 2013__ _____   Signature   __/s/ Glenda R. Coleman__ _____

**Glenda R. Coleman**

Debtor

# United States Bankruptcy Court
### Northern District of Illinois

| | | |
|---|---|---|
| In re | **Glenda R. Coleman** | Case No. |
| | Debtor(s) | Chapter **7** |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 595.00 |
| Prior to the filing of this statement I have received | $ | 595.00 |
| Balance Due | $ | 0.00 |

2. $ **0.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor   ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor   ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **Professional services rendered of Legal Analysis of debtor's financial situation and rendering of professional legal advice based upon documentation provided by debtor, drafting of one bankruptcy petition, representation at first scheduled 341 hearing.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **anything outside of drafting one petition and attending first scheduled 341 hearing is not included, including but not limited to the following: any amendments to petition and schedules, including adding creditors, second 341 meetings, negotiating or representation of reaffirmations, motions relief from stay, representation of the debtors in any foreclosure, adversary actions, state court actions, dischargeability actions, judicial lien avoidances, US Trustee Office discovery motions, any other adversary proceeding, secured property actions, negotiations with secured creditors to reduce to market value, any state or federal or tax court actions, etc.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| Dated: **March 25, 2013** | **/s/ S. M. de Rath, Esq.** |
| | **S. M. de Rath, Esq. 6206809** |
| | **Attorney S.M.de Rath, Esq.** |
| | **233 S. Wacker Dr, 84th FL** |
| | **Chicago, IL 60606** |
| | **312-283-8606** |

---

## Law Firm Bankruptcy Contract    Chapter 7

**OUR LAW FIRM IS A DEBT RELIEF AGENCY. WE HELP PEOPLE FILE FOR BANKRUPTCY RELIEF UNDER THE BANKRUPTCY CODE.**

In consideration for services to be rendered to undersigned client ("Client" or "debtor") by Affordable Legal Service Law Firm ("Law Firm" or "ALS"), in connection with representing client regarding Chapter 7 bankruptcy, Client, jointly and severally agrees to comply with the terms of this contract, including to pay Law Firm as follows:

1.      Law Firm Attorney fees in the amount of $1500.00 for individual and + $200 to add a spouse for joint bankruptcy. The Court's Filing Fee of the bankruptcy petition of $ 306 is not included in Law Firm fee and must be paid by Client prior to filing. Law Firm fee does not include any fee or payments to any other company, such as CIN for credit report, or provider of court required courses etc. nor due diligence costs.
A retainer of $_____595_____ was paid on _3|22|13_ . A retainer is an advance payment for Law Firm services and the expenses Law Firm may incur on Clients behalf and does not cover the $306 court filing fee. Client understands that such amount will be credited against any amount Client owes Law Firm and will not be refunded regardless if Client decides to cancel filing of the bankruptcy petition or not. Client understands that if any check or money order given in payment to Law Firm is returned for insufficient funds, Client agrees to immediately pay Law Firm a $40.00 fee in addition to the amount of the returned check. This payment and any future payments must therefore be made in cash, money order or debit card.

2.      Client is aware of an ethical requirement imposed upon all Law Firms in this state. If a Client, in the course of representation by an Law Firm, perpetrates a fraud upon any person or tribunal, the Law Firm is obligated to call upon the Client to rectify the same. If the Client refuses or is unable to do so, the Law Firm is required to reveal the fraud to the affected person or tribunal. Law Firm reserves the right to withdraw from Client representation if, among other things, Client fails to honor the terms of this Contract, including but not limited to:
a)      client's failure to make timely payment of Law Firm or Court Filing fees,
b)      client intends to commit bankruptcy fraud by lying or omission of their income, assets, financial affairs, marital status, etc.,
c)      if any fact or circumstance arises or is discovered that would render continuing representation unlawful or unethical under the rules,
d)      client's refusal or failure to provide financial documentation,
e)      client's refusal or failure to cooperate with Law Firm ,
f)      client's refusal or failure to follow advice on a material matter including failure to pay law firm fees,
g)      client's refusal or failure to complete court requirements,
h)      client's refusal or failure to appear at Law Firm appointments, or
i)      any combative threatening or harassing conduct by Client.

3.      Since the outcome of negotiations and litigation is subject to factors which cannot always be foreseen, Client acknowledges and understands that Law Firm has made no promises or guarantees to Client concerning the outcome and is unable do so. Nothing in this Law Firm Bankruptcy Contract shall be construed as such a promise or guarantee.

4.      Client agrees that client has full client file and Law Firm may discard Client records within five (5) years of the completion of the Client's bankruptcy case. Client acknowledges client only provided copies and not original bills or documentation to law firm, and only copies shall be provided. Client acknowledges Law Firm shall immediately shred for their privacy any bills and documentation provided to Law Firm after review, and shall not be returned to client.

5.      Law Firm shall provide Client with the following services:
a.      Review and analyze Client's financial circumstances based on information provided by Client.
b.      If possible and to the extent possible, based on the information provided by Client, advise Client of the Clients options, including but not limited to bankruptcy options.
c.      Inform Client what information Client needs to provide Law Firm in order to allow Law Firm to provide appropriate advice and option information, in the event such information Client provided is insufficient.
d.      Advise Client of the appropriate requirements in connection with the filing of a Chapter 7 or Chapter 13 bankruptcy, including the duties Client connected with such filing.
e.      Quote the Client an estimated fee, to the extent possible given the information provided by Client, for the Law Firms service relative to providing bankruptcy assistance or other legal services to Client.
f.      Assuming that a U.S. Bankruptcy proceeding is filed, Law Firm services will include all typical Law Firm required participation in such proceeding, including but not limited to, appearances at 1st Court scheduled Meeting of Creditors. Any additional 341 Meetings of Creditors besides the 1st scheduled 341 Meeting of Creditors, Client will pay additional $175 per Meeting of Creditors, payable prior to the 341 hearing, and preparation of legal memoranda, and communication with opposing counsel and parties.
g.      If Client's proceeding requires additional, but not customary work, Law Firm will inform Client directly, and enter into a separate written contract for such services to fully apprise Client of the fees, payment requirements, and expected services to be provided.

6.      Client acknowledges his/her legal obligation to make full and complete disclosure of all assets, all liabilities, income, marital status, etc. and to provide all financial documents, including tax returns, bank statements, paystubs, etc requested by the Law Firm, before bankruptcy petition can be finalized and filed with the court.

7.      Client acknowledges that he/she must attend pre-petition credit counseling before the bankruptcy petition can be filed. Client understands that he/she must also attend post-petition counseling after the bankruptcy petition is filed and within the time frame allowed by statute. **Client acknowledges that the bankruptcy cannot be filed without the certificate of completion of the pre-bankruptcy credit counseling. Client understands that no discharge of debts will be issued if the debtor education personal financial management course is not completed and filed with the court within the statutory time frame. Client acknowledges if they fail to complete and file with the court their post-bankruptcy course prior to court deadline their case will be dismissed without a discharge and they will have to pay additional $285 in legal and $260 in court fees to appear before the judge to motion the court for appropriate relief.**

8.      Client acknowledges Law Firm only represents client in my federal bankruptcy case, and does not represent client in any other type of case, lawsuit or proceeding other than client's federal bankruptcy case. The Law Firm will not make a special appearance in a court, other than the Bankruptcy Court. It is up to client, to provide notification of client's bankruptcy proceedings, so that another court that Client's proceedings may be stayed. Sending or receiving any summons or complaint, or notifying the Law Firm of a pending lawsuit shall not obligate the Law Firm to represent Client in that lawsuit or before that court. Client must attend all court hearing State and Federal. Any representation of Client in a state court proceeding, including without limitation: collection lawsuits, foreclosure lawsuits, and etc., is not included in this Law Firm Bankruptcy Contract. Any referral made to another Law Firm to represent Client is a courtesy only. The Law Firm is not associated with any other Law Firm outside of the undersigned Law Firm's law offices.

9.      **Client acknowledges it is their sole responsibility, not their Law Firm, to properly list all their creditors on their bankruptcy. Client acknowledges it is their sole responsibility to review their bankruptcy schedules to insure they properly listed all their creditors on their bankruptcy. Client acknowledges that the Law Firm will not research creditor information, including addresses, account numbers, or balances. Client acknowledges if they forgot to properly list a creditor in their bankruptcy, they will have to pay an additional $150 fee to have that creditor included in their bankruptcy, and failure to do so may result in unscheduled debts subject to non-dischargeability.**

10.     Client agrees that the following matters are not included within the scope of this Bankruptcy Law Firm Contract. Client agrees that, as to the matters listed below, the Law Firm will not take any action on Client's behalf, without a written request and/or a separate Retainer Contract and possibly an additional retainer, including but not limited to the following:
a.      Motions to revoke a discharge.
b.      Removal of a pending action in another court.

Law Firm Bankruptcy Contract
Page 2 of 2

    c.    Obtaining title reports.
    d.    The determination of real estate or tax liens.
    e.    Appeals to the BAP, District Court of Court of Appeals.
    f.    Correcting credit reports,
    g.    Negotiations with Check Systems regarding Client.
    h.    Motions to Dismiss clients' bankruptcy case filed by the Trustee, U.S. Trustee, or any creditor.
    i.    Any adversary proceeding filed by the Trustee, U.S. Trustee, or any other party on any basis, including, without limitations, proceedings to determine dischargeability of debts.
    j.    Preparing reaffirmation Contracts, negotiating the terms of reaffirmation Contracts proposed by creditors, motions to redeem personal property, and negotiating reaffirmation Contracts when Client's income is not sufficient to rebut the presumption of undue hardship and special circumstances do not warrant the signing of a reaffirmation Contract.
    k.    Motion to impose or extend the bankruptcy stay.
    l.    Communications with creditors after discharge order.

11.    Client understands that certain debts cannot be discharged in bankruptcy. Client agrees that Client is still liable to repay any debt not discharged in Client's bankruptcy. Client understands that the debts listed below are common examples of the types of debts that cannot be discharged in bankruptcy. Client further understands that the list of non-dischargeable debts may be expanded by legislation or court decisions and Law Firm has no control over the type of debts that may be or become non-dischargeable.

    a.    Debts not properly listed on their bankruptcy.
    b.    Certain types of taxes, custom duties, or debts to pay taxes or custom duties.
    c.    Student loans.
    d.    Debts owed for spousal or child support.
    e.    Debts owed to the spouse, former spouse, or child in a domestic relations proceeding.
    f.    Debts arising from a previous bankruptcy wherein discharge of that particular debt was waived.
    g.    Debts owed for money, property, services, extension-or-removal, or refinancing of credit, if obtained by false pretenses, or false representations, or actual fraud.
    h.    Consumer debts for luxury goods obtained within ninety (90) days of the date of filing of the bankruptcy petition.
    i.    Cash advances obtained within ninety (90) days of the date of the filing of the bankruptcy petition.
    j.    Debts owed for fraud or defalcation while acting in a fiduciary capacity, or embezzlement or larceny.
    k.    Debts owed for fines, penalties, or forfeitures payable to and for the benefit of governmental entity.
    k.    Debts owed for death or personal injury arising from operation of a motor vehicle, boat, or aircraft while intoxicated by drugs or alcohol.

12.    Client understands that filing bankruptcy does not automatically discharge or remove liens from any real estate. Client agrees that the Law Firm will not take any action to avoid (remove) any lien on real estate unless Client specifically authorizes the Law Firm to do so in writing. Client agrees that the Law Firm will rely on Client's statements concerning ownership of real property and any liens attached to Client's real property. Client agrees that no real estate title search will be conducted. Client agrees that Law Firm will not conduct a public records search for lawsuits filed against Client or judgments granted against Client. Client must separately order and pay for a real estate title search, or public records search for lawsuits or judgments, if client wishes to obtain one. Client agrees to hold the Law Firm harmless if client later discovers liens, lawsuits or judgments against Client or against Client's real estate.

13.    Client understands that individuals who file for relief under Chapter 7 or Chapter 13 of the Bankruptcy Code are subject to audits by the U.S. Trustee. If Client's case is selected for an audit, Client agrees to pay Law Firm the customary hourly rate for representing Client in such audit.

14.    Deep discounted fee lis based upon Client's *timely* payment of all fees, timely compliance of all Law Firm instructions and tasks, and Law Firm preparation of one set of legal documentation necessary for bankruptcy, and does not include months of updating and continuous Attorney re-evaluation of Clients current financial status under the Bankruptcy laws. Client acknowledges Law Firm will charge additional fees of $175 if Client waits longer than three months (90) days from the first date Law Firm is retained to finalize the bankruptcy petition and schedules due and $650 if Clients waits longer than six months 180 days to additional Attorney time and work including due diligence and other update work required to finalize the bankruptcy.

15.    Client hereby acknowledges that Client has read and understands all the terms contains in this Law Firm Bankruptcy Contract, and that whether written, spoken, recorded or transcribed by any other means, no other terms are made part of this Law Firm Bankruptcy Contract. Client is in agreement and through his/her signature hereby contracts to abide to all the terms of this contract, including timely payment, and grounds for withdrawal of representation, and has signed on the signature lines herein below. Client further acknowledges that Client has received a copy of this Law Firm Bankruptcy Contract and required disclosure documentation.

Dated: _3/13/13_

_____
Client Signature

_____  _____
Client Spouse Signature  Client Spouse Printed Name

_____
Law Firm at Law

_Glenda Coleman_
Client Printed Name

## *Affordable Legal Services*

*Willis (Sears) Tower*
*233 S. Wacker Drive*
*Chicago, IL 60606*

---

**INITIAL CONSULTATION AGREEMENT AND ACKNOWLEDGMENT OF RECEIPT OF DISCLOSURES**

This agreement is entered into on this day of _____ 2012, by and between_____, and Affordable Legal Services (referred to as "Law Firm").

1.   I (We) have requested a consultation with the Attorney to obtain information and advice about debt issues and relief from debt, including the possibility of filing bankruptcy under the federal Bankruptcy Code. The Attorney agrees to provide an initial consultation concerning these matters. There is no charge for this initial consultation.

2.   The Law Firm agrees to provide the following services at the initial consultation, based on the information I (we) have provided:

   (a)   Analyze my (our) financial circumstances and advise me (us) of possible bankruptcy and non-bankruptcy options for responding to my (our) financial problems. I (We) understand that this analysis is only preliminary, because the Law Firm does not have all of the information and documents that will be required to fully evaluate my (our) situation.

   (b)   Describe the potential benefits and the disadvantages of filing bankruptcy, and explain the relief available under chapters 7, 11, 12 and 13 of the Bankruptcy Code.

   (c)   Advise me (us) of the requirements, obligations and costs for filing a chapter 7 or 13 bankruptcy.

   (d)   Inform me (us) of the additional information that I (we) will need to provide to enable the Law Firm to more fully advise me (us) of my (our) potential options and legal rights.

3.   I (We) agree to provide at the initial consultation information and documents, if any, concerning my (our) income, expenses, assets, and liabilities. I (We) understand that in order for the Law Firm to give meaningful advice, detailed financial information must be provided completely and accurately.

4.   The Law Firm will provide at this time only the services specifically stated in this Agreement. If I (we) retain the Law Firm to represent me (us) and provide additional services, including the filing of bankruptcy or other bankruptcy assistance, I (we) and the Law Firm will sign a separate retainer agreement detailing the services and their cost, and the other terms of such representation.

5.   I (We) acknowledge that the Law Firm gave to me (us) at the initial consultation copies of this agreement and several notices required by the Bankruptcy Code listed below. If my spouse was not present when these notices were received at the initial consultation, I also acknowledge receipt of these notices on behalf of my spouse, and agree to provide my spouse with a copy of these notices. All of the following documents were given me (us):

   (a)   Initial Consultation Agreement
   (b)   Notice Required by Sections 342(b) and 527(a) of the Bankruptcy Code
   (c)   Notice Required by Section 527(b) of the Bankruptcy Code

Date: 3/3/13

*Law Firm/Attorney Signature:* _____

*Prospective Client Signature:* _____

*Signature of Joint Debtor (if any):* _____

*Printed Name(s):* _____

## STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. §341

**INTRODUCTION**

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of...

    (1)        the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
    (2)        the effect of receiving a discharge of debts
    (3)        the effect of reaffirming a debt; and
    (4)        your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

**WHAT IS A DISCHARGE?**

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every eight (8) years.

**WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?**

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed for bankruptcy.

**WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?**

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of the creditors.

Reaffirmation agreements are strictly voluntary — they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

**OTHER BANKRUPTCY OPTIONS**

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtor's farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,000,000 ($250,000 in unsecured debts and $750,000 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE. I (We), the debtor(s), affirm that I (we) have received and read this notice and agree to be bound to its terms.

_____    X _____    3/13/13
Printed Name(s) of Debtor(s)                  Signature of Debtor             Date

Date:    _____    X _____
                                                Signature of Joint Debtor (if any)        Date

## United States Bankruptcy Court
### Northern District of Illinois

In re _____   Case No. _____

_____ Debtor(s)   Chapter   **7**

# UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

B201A (form 201A) (11/11) In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

### 1. Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

### 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

#### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

#### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

## United States Bankruptcy Court
### Northern District of Illinois

In re _____        Case No. _____
                                    Debtor(s)    Chapter    7

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

#### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read and understand the attached notice consisting of two pages, as required by § 342(b) of the Bankruptcy Code.

_____        X /s/ _____  3/13/13
Printed Name(s) of Debtor(s)              Signature of Debtor          Date

Case No. (if known) _____    X _____
                                          Signature of Joint Debtor (if any)        Date

# United States Bankruptcy Court
## Northern District of Illinois

In re _____

_____
Debtor(s)

Case No. _____

Chapter   7

---

### Bankruptcy Code Section 521(a)(1) Acknowledgement:

3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials:

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure..

### Certificate of Debtor

I (We), the debtor(s), under oath and penalties of perjury, affirm that I (we) have received and read and understand this notice, and understand it is a serious crime of bankruptcy fraud and I (we) may be incarcerated and may be fined monetary damages:

if I (we) are dishonest, untruthful, misrepresent, orally, in writing, electronically, or in any documentation, including but not limited to marital status, income, benefits, expenses, real and personal property, assets, debts, future and potenial monies, in any connection with my (our) bankruptcy case, or

if I (we) fail to disclose, non-disclosure, orally, in writing, electronically, or in any documentation, including but not limited to marital status, income, benefits, expenses, real and personal property, assets, debts, future and potential monies, in any connection with my (our) bankruptcy case, or

if I (we) try to conceal/hide, orally, in writing, electronically, or in any documentation, including but not limited to marital status, income, benefits, expenses, real and personal property, assets, debts, future and potential monies, in any connection with my (our) bankruptcy case;

if I (we) provide any false, inaccurate, misleading, or non-current information, orally, in writing, electronically, or in any documentation, including but not limited to marital status, income, benefits, expenses, real and personal property, assets, debts, future and potential monies, in any connection with my (our) bankruptcy case;

I/we are signing under oath and penalties of perjury to all our documentation, and agree to be bound to these terms. We/I also understand my/our Law Firm will immediately withdraw from my/our case if I (we) are dishonest, fail to disclose, misrepresent, try to hide assets, or fail to be truthful, and as listed above, orally, in writing,  electronically, or in any of my paperwork, gmail or electronic submissions.

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)UNDER § 521(a)(1) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read and understand the above attached notice as required by § 531(a)(1) of the Bankruptcy Code.

_____
Printed Name(s) of Debtor(s)

X /s/ _____    3/13/13
Signature of Debtor                Date

Case No. (if known) _____

X _____
Signature of Joint Debtor (if any)      Date

*Disclosure Pursuant to 11 U.S.C. Section 527(b) of the Bankruptcy Code*

IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a Chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a Chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your Chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than Chapter 7 or Chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

    I (We), the debtor(s), affirm that I (we) have received and read this notice and agree to be bound to its terms.

Printed Name(s) of Debtor(s)        X _____  3/13/13
                                    Signature of Debtor        Date

Case Number: _____        X _____
                                    Signature of Joint Debtor (if any)   Date

### *Disclosure Pursuant to 11 U.S.C. Section 527(a)(2) of Bankruptcy Code*

The purpose of this Notice and The Statement Mandated by Section 527(b) of the Bankruptcy Code, which you have been provided as a separate document, are to make you aware of some of your obligation should you file bankruptcy.

*Note:   This Notice and the Statement are required by legislation adopted by the 2005 Congress. So long as you are honest and meet the requirements set out under the law you are entitled to debt relief. We can guide you through all the requirements of filing bankruptcy so long as you provide us accurate and complete information.*

You are notified as follows:

1.   All information that you are required to provide with your bankruptcy petition and thereafter in your case is required to be complete, accurate and truthful.

2.   All your assets and all your liabilities are required to be completely and accurately disclosed in the documents filed to commence your case.

3.   The value of each asset which is secured by a lien on such asset must be stated as the replacement value of such asset after reasonable inquiring to establish such value. The replacement value means the replacement value of the date of the filing of the bankruptcy petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family or household purposes, replacement value means the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value as determined.

4.   After reasonable inquiry you are required to state your current monthly income. Current monthly income is described on the attached of Terms and Definitions Addendum.

5.   After reasonable inquiry you are required to state the amounts set out in section 707(b)(2) of the Bankruptcy Code. Those amounts are explained in the attached Terms and Definitions Addendum.

6.   In a case under Chapter 13, after reasonable inquiry, you are required to state your disposable income determined in accordance with section 707(b)(2) of the Bankruptcy Code. Disposable income is explained on the attached addendum of Terms and Definitions.

7.   Information that you provide during your case may be audited pursuant to the provisions of the Bankruptcy Code. Your failure to provide accurate and complete information may result is dismissal of your case or other sanctions, including criminal sanctions.

8.   Certain property you own is called "exempt property" and is not property of the Bankruptcy Estate. Exemptions are based upon either the Bankruptcy Code or State law. In the state of Illinois exemptions are determined by state statutory law and the Illinois Constitution. In order to avail yourself of the exemptions of the state of Illinois you must have continuously lived in the state of Illinois for the 180 days immediately preceding the filing of your petition.

I (We), the debtor(s), affirm that I (we) have received and read this notice and agree to be bound to its terms.

| | | |
|---|---|---|
| Glenda Coleman | X _Signature_ 3/13/13 | |
| Printed Name(s) of Debtor(s) | Signature of Debtor          Date | |
| Case Number: _____ | X _____ | |
| | Signature of Joint Debtor (if any)      Date | |

## United States Bankruptcy Court
### Northern District of Illinois

In re _____          Case No. _____
                    Debtor(s)                    Chapter    **7**    _____

## CERTIFICATION OF DEBTOR(S)

I understand for my privacy and protection, all documentation I provide to my Law Firm will be immediately shredded upon their entering the data into my legal documentation for my bankruptcy, and shall not returned to me. I have only provided copies and no original bills or paperwork to my law firm. If I wish to provide any bills or paperwork, I agree any paperwork submitted will be shredded for my privacy and not returned to me. If I wish to keep any bills or paperwork I understand and agree I shall only provide copies of any bills or paperwork to my Law Firm, since I acknowledge all documentation shall be immediately shredded for my privacy and nothing shall be returned to me, or I shall make copies at my cost at the Law office at .20/copy.

The Law Firm will procure on my behalf my creditor report which I shall promptly pay the Law Firm for my credit report prior to filing at my closing signing of my paperwork.

I understand it is my sole responsibility, not my Law Firm, to list and insure all my creditors are listed on my bankruptcy. I acknowledge I reviewed my bills, credit report, creditor list, etc. to insure I properly listed all my creditors my bankruptcy eQuestionnaire, and all my bankruptcy forms. I understand if I forgot to properly list a creditor in my bankruptcy petition, I must pay an additional fee to include any creditor after filing. If I fail to properly include any creditor in my bankruptcy I may be legally responsible to pay that debt.

_Glenda Coleman_                          X _____    3/13/13
Printed Name(s) of Debtor(s)                   Signature of Debtor          Date

Case No. _____          X _____
                                               Signature of Joint Debtor (if any)    Case No.

## UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS
### SECURED PROPERTY DISCLOSURE

Secured property occurs when you make a purchase (car, electronics, furniture, jewelry, home, etc) and the creditor/lender retains a secured lien interest on that property. This debt is secured by the property. If you fail to pay the secured debt in full, the creditor can repossess the property, and sue you for the balance you owe, plus attorneys' fees, repossession costs, court costs, interest and penalties. Bankruptcy does not eliminate secured debts. You cannot keep the secured property and not pay. This would be fraud and a crime. You must make a choice. Basically, you either pay the secured debt/loan or surrender the property back to the creditor/lender.

SURRENDER: You may surrender the item back to the secured creditor/lender in your bankruptcy case. If you choose to this you will no longer be required to make any payments on the loan/secured debt, and you will not be held responsible for repayment after your bankruptcy case is completed. If you choose to surrender the property, you must contact the creditor and make arrangements to drop off the property to them, or the date and time when the creditor can retrieve the property.

REAFFIRMATION: The Attorneys for the Secured Debt Creditor want you to sign their legal contract, legally obligating you to pay the entire debt, and allowing them to sue you if you ever become late with a payment. You may sign a legally valid contract with the secured creditor/lender legally binding you to pay the entire debt and other fees in installments, despite the bankruptcy filing.  Signing a reaffirmation contract does not prevent your vehicle from being repossessed. So long as the payments are made, the creditor will not repossess the property. If you default on a payment, the creditor can repossess the property and sue you for the balance due on the loan. You have 60 days after you sign the reaffirmation contract to change your mind by "rescinding" the contract. You (not your attorney) can only rescind by sending your rescind letter by certified mail to the creditor, their attorney, and filing it with the Bankruptcy Court, before 60 days past of signing contract. If you wish to sign the reaffirmation contract to reaffirm the debt, you will be required to attend a court hearing to have the contract approved by the court. Pursuant to your contract we do not represent you at this hearing. The judge will determine whether this debt will cause you and your family a financial hardship, whether you can afford the debt, whether it is in your best interest, and the best interest of your family. We do not believe you can afford the debt, nor that reaffirming the debt is in your best interests and that it will cause you financial hardship, therefore we will not sign it. We will provide you with the reaffirmation contract, if you go against our advice by signing the reaffirmation contract, you will have to provide the contract to the secured creditor and deal directly with them and attend all court hearings with regard to the secured debt.

MOTION TO LIFT STAY: Attorneys represent secured creditors file a motion to lift stay if you are late on your vehicle or other secured property. They are seeking to retake possession of the vehicle or other secured debt. If you are late on your payments, these Motions are most often granted as a matter of right in Chambers by the Judge, so you will not need to attend the hearing.  This Motion allows creditor to continue their State Court Action which was stayed, in order to obtain (repossess) the secured property that you are late on your payments.

If you want the property, you will have to pay up the overdue balance, plus interest, attorneys fees, court fees, interest, etc. to come current and then sign a reaffirmation contract making you legally liable for any future late, attorneys, interest, court, interest fees, etc. and then the creditor will *maybe* allow you to keep the secured property. Financially the best solution may be to surrender the vehicle/property.

As you are aware, you are required to attend all State Court hearings. You must attend all court motions/hearing State, Federal, Criminal, etc. otherwise you will be held in contempt of court; you will be arrested, and will have to pay a fine and go to jail.

REDEMPTION LUMP SUM:  You may contact the secured creditor an offer them a reasonable lump sum payment for the property to wipe out the lien.  If the creditor accepts your offer, you must promptly pay the creditor the lump sum to keep the property. Try this if you have electronics, jewelry, or smaller secured debt items.

REDEMPTION 722 (CAR ONLY):  If you don't have a lump sum, you may contact 722 Redemption Inc. You may qualify to keep your car and have your car payments reduced significantly.  If you qualify and choose to redeem, they will finance our attorneys' fees into the settlement for our hourly fee to draft, file, and argue before the court the necessary motions with the bankruptcy court.

CONTINUE PAYING: You may choose to continue making payments on the secured loans in the hopes that the creditors will not try to repossess the property. Even if you are current on your payments, the creditor may still repossess the property because you did not sign their reaffirmation contract. If the property is repossessed, you will not be held responsible for the balance, however you will not receive any refund for the money you already paid for the vehicle or secured property. Remember you cannot keep the property without paying! PRIOR TO FILING WE REQUIRE YOUR DECISION ON YOUR STATEMENT OF INTENTION YOUR CHOICE OF SURRENDER, REDEMPTION, REAFFIRMATION, OR VOLUNTARY PAY. IF YOU FAIL TO PROVIDE US WITH YOUR SIGNED STATEMENT OF INTENTION, THE CREDITOR IS PERMITTED TO REPOSSESS THE PROPERTY.

I (We) the debtor(s) affirm that I (we) have received and read this notice and agree to be bound to its terms.

_____     X _____     _____
Printed Name(s) of Debtor(s)                                          Signature of Debtor                                    Date

Case Number: _____     X _____

B 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Glenda R. Coleman**                                          Case No.

                                    Debtor(s)            Chapter        **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Glenda R. Coleman** | X **/s/ Glenda R. Coleman** | **March 25, 2013** |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| Case No. (if known) _____ | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re  Glenda R. Coleman _____

_____  Case No. _____
                                    Debtor(s)    Chapter    13

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

Glenda R. Coleman _____        X  /s/ Glenda R. Coleman      March 18, 2013
Printed Name(s) of Debtor(s)                         Signature of Debtor          Date

Case No. (if known) _____          X  _____
                                                    Signature of Joint Debtor (if any)    Date

_____

Instructions: Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                      Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Glenda R. Coleman**

Debtor(s)

Case No.

Chapter    **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                                                            **38**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    **March 25, 2013**

**/s/ Glenda R. Coleman**

**Glenda R. Coleman**
Signature of Debtor

# United States Bankruptcy Court
## Northern District of Illinois

In re   Glenda R. Coleman

_____

Debtor(s)

Case No. _____

Chapter   13 †

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____   38

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   March 18, 2013

/s/ Glenda R. Coleman

Glenda R. Coleman
Signature of Debtor

# United States Bankruptcy Court
### Northern District of Illinois

In re   Glenda R. Coleman _____

_____ Debtor

Case No. _____

Chapter _____ 13 7

## Numbered Listing of Creditors

| Creditor name and mailing address | Category of Claim | Amount of Claim |
| --- | --- | --- |
| 1.   247 Greenstreet Loans<br>not sure<br>Chicago, IL 60615 | Unsecured claims | 900.00 |
| 2.   247 Greenstreet Loans<br>not sure<br>Chicago, IL 60615 | Unsecured claims | 900.00 |
| 3.   Aaron Sales & Lease Ow<br>1015 Cobb Place Blvd Nw<br>Kennesaw, GA 30144 | Unsecured claims | 0.00 |
| 4.   American General Finan<br>Springleaf Financial/Attn: Bankruptcy De<br>Po Box 3251<br>Evansville, IN 47731 | Unsecured claims | 554.00 |
| 5.   Aspire/cb&t<br>Attn: Cardholder Services<br>P.O. Box 105555<br>Atlanta, GA 30348 | Unsecured claims | 0.00 |
| 6.   Capital 1 Bank<br>Attn: Bankruptcy Dept.<br>Po Box 30285<br>Salt Lake City, UT 84130 | Unsecured claims | 0.00 |
| 7.   Cash Usa<br>not sure<br>chicago, IL 60615 | Unsecured claims | 1,500.00 |
| 8.   Cashcall Inc<br>Attention: Bankruptcy Department<br>1600 S Douglass Rd<br>Anaheim, CA 92806 | Unsecured claims | 1,474.00 |
| 9.   Castle pay day loan<br>not sure<br>chicago, IL 60605 | Unsecured claims | 1,500.00 |
| 10.  Citi Auto/Santander Consumer USA<br>Attn: Bankruptcy<br>Po Box 961245<br>Ft. Worth, TX 76161 | Unsecured claims | 0.00 |
| 11.  City of Chicago<br>Department of Revenue<br>POBox 88292<br>Chicago, IL 60680-1292 | Unsecured claims | 1,500.00 |

re    Glenda R. Coleman                                                    Case No. _____

                                            Debtor

## Numbered Listing of Creditors
### (Continuation Sheet)

| Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|
| 12. Com ED<br>PO Box 87522<br>Chicago, IL 60680 | Unsecured claims | 300.00 |
| 13. Dept of Treasury<br>12556STOP 6692 AUSC<br>austin, TX 73301-0021 | Priority claims | 2,000.00 |
| 14. Equifax Credit Information Services<br>POBox 740241<br>Atlanta, GA 30374-0241 | Unsecured claims | 0.00 |
| 15. Experian<br>POBox 2002<br>Allen, TX 75013 | Unsecured claims | 0.00 |
| 16. Fidelity Info Corp<br>Po Box 100<br>Pacific Palisades, CA 90272 | Unsecured claims | 0.00 |
| 17. First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104 | Unsecured claims | 472.00 |
| 18. First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104 | Unsecured claims | 0.00 |
| 19. Galaxy Loan<br>nt sure<br>chicago, IL 60605 | Unsecured claims | 390.00 |
| 20. Hsbc Bank<br>Po Box 5253<br>Carol Stream, IL 60197 | Unsecured claims | 611.00 |
| 21. Hsbc Bank<br>Po Box 5253<br>Carol Stream, IL 60197 | Unsecured claims | 0.00 |
| 22. Hsbc Bank<br>Po Box 5253<br>Carol Stream, IL 60197 | Unsecured claims | 0.00 |
| 23. Hydra Fund<br>not sure<br>chicago, IL 60605 | Unsecured claims | 650.00 |
| 24. Iggy Loan<br>not sure<br>chicago, IL 60615 | Unsecured claims | 600.00 |

re   Glenda R. Coleman                                              Case No. _____

                                              Debtor

## Numbered Listing of Creditors
### (Continuation Sheet)

| | Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|---|
| 25. | Illinois Collection Se<br>Po Box 1010<br>Tinley Park, IL 60477 | Unsecured claims | 154.00 |
| 26. | Midland Funding<br>8875 Aero Dr Ste 200<br>San Diego, CA 92123 | Unsecured claims | 827.00 |
| 27. | Nco Fin/09<br>Attention: Bankruptcy<br>507 Prudential Rd<br>Horsham, PA 19044 | Unsecured claims | 340.00 |
| 28. | Progressive financial<br>not sure<br>chicago, IL 60615 | Unsecured claims | 1,200.00 |
| 29. | Santander<br>PO Box 660633<br>Dallas, TX 75266 | Unsecured claims | 9,000.00 |
| 30. | Santander Consumer Usa<br>Po Box 961245<br>Ft Worth, TX 76161 | Secured claims | 8,581.00 |
| 31. | Stellar Recovery Inc<br>4500 Salisbury Rd Ste 10<br>Jacksonville, FL 32216 | Unsecured claims | 1,278.00 |
| 32. | Td Rcs/peachdirect<br>1000 Macarthur Blvd<br>Mahwah, NJ 07430 | Unsecured claims | 0.00 |
| 33. | TransUnion<br>POBox 1000<br>Chester, PA 19022 | Unsecured claims | 0.00 |
| 34. | Trust Rec Sv<br>541 Otis Bowen Dri<br>Munster, IN 46321 | Unsecured claims | 55.00 |
| 35. | University of IL<br>1175 Devin Dr<br>Norton Shores, MI 49441 | Unsecured claims | 171.00 |
| 36. | University of IL Medical Center<br>1175 Devin Dr<br>Morton Shores, MI 49441 | Unsecured claims | 300.22 |
| 37. | University of IL/ICS Collections<br>PO Box1010<br>Tinley Pk, IL 60477 | Unsecured claims | 154.00 |

re    Glenda R. Coleman

_____,          Case No. _____
                          Debtor

## Numbered Listing of Creditors
### (Continuation Sheet)

| Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|
| 38.   VIP Loan<br>not sure<br>chiago, IL 60605 | Unsecured claims | 500.00 |
| 39.   West Suburban Hospital<br>PO Box3495<br>Toledo, PA 43607 | Unsecured claims | 431.34 |

## DECLARATION

I, the above-named Debtor, declare under penalty of perjury that I have read the foregoing Numbered Listing of Creditors and that it is true and correct to the best of my information and belief.

Date   **March 18, 2013**                Signature  /s/ Glenda R. Coleman
                                          Glenda R. Coleman
                                          Debtor

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

247 Greenstreet Loans
not sure
Chicago, IL 60615


Aaron Sales & Lease Ow
1015 Cobb Place Blvd Nw
Kennesaw, GA 30144


Aimco
5140 S. Hyde Park Tower
Chicago, IL 60615


American General Finan
Springleaf Financial/Attn: Bankruptcy De
Po Box 3251
Evansville, IN 47731


Aspire/cb&t
Attn: Cardholder Services
P.O. Box 105555
Atlanta, GA 30348


Capital 1 Bank
Attn: Bankruptcy Dept.
Po Box 30285
Salt Lake City, UT 84130


Cash Usa
not sure
chicago, IL 60615


Cashcall Inc
Attention: Bankruptcy Department
1600 S Douglass Rd
Anaheim, CA 92806


Castle pay day loan
not sure
chicago, IL 60605


Citi Auto/Santander Consumer USA
Attn: Bankruptcy
Po Box 961245
Ft. Worth, TX 76161

City of Chicago
 Department of Revenue
POBox 88292
Chicago, IL 60680-1292


Com ED
PO Box 87522
Chicago, IL 60680


Dept of Treasury
12556STOP 6692 AUSC
austin, TX 73301-0021


Equifax Credit Information Services
POBox 740241
Atlanta, GA 30374-0241


Experian
POBox 2002
Allen, TX 75013


Fidelity Info Corp
Po Box 100
Pacific Palisades, CA 90272


First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104


Galaxy Loan
nt sure
chicago, IL 60605


Hsbc Bank
Po Box 5253
Carol Stream, IL 60197


Hydra Fund
not sure
chicago, IL 60605


ICS Collections
PO Box1010
Tinley Pk, IL 60477

Iggy Loan
not sure
chicago, IL 60615


Illinois Collection Se
Po Box 1010
Tinley Park, IL 60477


Landlord



Midland Funding
8875 Aero Dr Ste 200
San Diego, CA 92123


Nco Fin/09
Attention: Bankruptcy
507 Prudential Rd
Horsham, PA 19044


Progressive financial
not sure
chicago, IL 60615


Santander
PO Box 660633
Dallas, TX 75266


Santander Consumer Usa
Po Box 961245
Ft Worth, TX 76161


Stellar Recovery Inc
4500 Salisbury Rd Ste 10
Jacksonville, FL 32216


Td Rcs/peachdirect
1000 Macarthur Blvd
Mahwah, NJ 07430


TransUnion
POBox 1000
Chester, PA 19022

Trust Rec Sv
541 Otis Bowen Dri
Munster, IN 46321


University of IL
1175 Devin Dr
Norton Shores, MI 49441


University of IL Medical Center
1175 Devin Dr
Morton Shores, MI 49441


University of IL/ICS Collections
PO Box1010
Tinley Pk, IL 60477


VIP Loan
not sure
chiago, IL 60605


West Suburban Hospital
PO Box3495
Toledo, PA 43607